STATE OF NORTH CAROLINA v. LAVERNE McNEIL SINCLAIR

No. 6

(Filed 7 October 1980)

1. **Criminal Law § 25; Forgery § 2.2– insufficient evidence of forgery – acceptance of no contest plea – no factual basis shown for plea**

      Where defendant was charged in fourteen bills of indictment with fourteen counts of forgery of savings account withdrawal slips and fourteen counts of uttering the forged slips, six of the indictments were consolidated for trial, the jury returned guilty verdicts in all cases, and defendant then pleaded no contest to all counts in the remaining eight indictments, the trial court erred in accepting defendant's plea of no contest; since the record did

---

not reveal a sufficient factual basis to support defendant's pleas in that evidence in the six cases was insufficient to be considered by the jury and dismissal should have been granted; evidence that defendant had the authority to sign the withdrawal slips in the name of her grandmother, the owner of the savings accounts, tended positively to show defendant's innocence; and defendant's plea of no contest itself did not provide the "factual basis" contemplated by G.S. 15A-1022(c).

2. **Criminal Law §§ 23.1, 25– plea of guilty or no contest – factual basis required**

     G.S. 15A-1022(c) which provides that a judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea contemplates that some substantive material independent of the plea itself must appear of record which tends to show that defendant is, in fact, guilty.

     Justice BROCK did not participate in the consideration and decision of this case.

     ON appeal pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals, reported at 45 N.C. App. 586, 263 S.E. 2d 811, opinion by *Judge Hedrick* with *Judge Vaughn* concurring and *Judge Clark* dissenting, reversing one judgment but affirming another judgment entered by Judge Brown on 10 April 1979 in EDGECOMBE Superior Court.

     *Rufus L. Edmisten, Attorney General, by Archie W. Anders and James E. Magner, Jr., Assistant Attorneys General, for the state.*

     *C. Ray Joyner, Attorney for defendant appellant.*

     EXUM, Justice.

     Defendant was charged in fourteen indictments each containing one count of forgery and one count of uttering a forged instrument. On 4 December 1978 she entered pleas of not guilty to all charges. At the 19 February 1979 Criminal Session of Edgecombe Superior Court, Judge Frank R. Brown presiding, the state called only six indictments to be consolidated for trial. The jury returned guilty verdicts in all cases. Defendant then pleaded no contest to all counts in the remaining eight indictments. In the six jury cases the Court of Appeals unanimously held that the state's evidence was insufficient to be submitted to the jury and reversed judgment imposing a one-year prison

sentence. A majority of the Court of Appeals, however, affirmed judgment imposing a ten-year prison sentence in the eight cases in which defendant entered pleas of no contest. Judge Clark dissented from this portion of the decision on the ground that no factual basis appeared of record to support the no contest pleas as required by G.S. 15A-1022. We agree with Judge Clark and reverse the Court of Appeals.

The state presented its evidence at trial through the testimony of Janet Pittman, a teller at Peoples Bank and Trust Company in Rocky Mount, and Alice Alston, the grandmother of defendant. Ms. Pittman described six occasions between 8 September and 6 October 1978 on which defendant came to the bank and executed savings withdrawal slips on two accounts listed in the names of R.L. Alston or Alice Alston. Defendant, who was in possession of the passbook on three of the six occasions, signed all withdrawal slips as Alice Alston. Mrs. Alston testified that she had opened the two savings accounts for the defendant's benefit, that the money was "to be used as she [defendant] needed it," and that defendant had permission to make withdrawals "whenever she [defendant] needed money." Although Mrs. Alston did not know about the specific withdrawals in question, she insisted that the money belonged to defendant and that defendant was authorized to take her passbook and withdraw the money at any time. The state also introduced into evidence six affidavits which were signed by Mrs. Alston shortly after being notified that "someone" was withdrawing money from her account. These provided, in pertinent part:

> "[T]hat after an examination of said check she never signed or authorized any other person to sign her name or said check and that name appearing thereon was made without her knowledge or consent; that she has no knowledge as to the person or persons so doing and further says that she never received the whole or part of the proceeds thereof."

Mrs. Alston testified that she did not learn that her granddaughter was the person withdrawing the money until after her arrest, and that had she known that her granddaughter was the person who made the withdrawals, she would not have

signed the affidavits. Defendant offered no evidence. The jury returned guilty verdicts in all six cases. Defendant then pleaded no contest to the remaining eight indictments. Prayer for judgment in all fourteen cases was continued until the 9 April 1979 Session.

On 10 April 1979 defendant, before judgment was pronounced, moved to withdraw her earlier pleas of no contest on the ground they were not "freely and voluntarily made." Defendant stated to the court through counsel: Her pleas were made immediately after the jury verdicts were returned against her in February when the birth of her child was imminent. In fact labor ensued that very night and the child was born the next day. She felt that by entering her pleas of no contest to the remaining charges Judge Brown might permit her to "go home" to have her baby and not have the child in prison. After consulting with her counsel for approximately one hour, she decided, because of pressures engendered by the physical and mental stress of the imminent birth and the jury's unexpected guilty verdicts, to enter pleas of no contest to all remaining charges.

Judge Brown, without a hearing, summarily denied the motion. He then sentenced defendant to ten years imprisonment in the cases in which she pleaded no contest and to one year imprisonment in the jury cases, to begin at the expiration of the ten-year sentence.

The Court of Appeals unanimously reversed the judgment entered on the jury convictions on the ground that evidence presented by the state was insufficient to be considered by the jury. Accordingly, it held defendant's motion for dismissal should have been allowed. It noted that Mrs. Alston's affidavits represented at most prior inconsistent statements offered only to impeach her trial testimony; they were not offered nor could they be considered as substantive evidence. 1 Stansbury's North Carolina Evidence, *Witnesses* § 46 at 131 (Brandis Rev. 1973). Reversal, therefore, was required since the state was without any substantive evidence that the defendant's execution and use of the withdrawal slips was unauthorized.

Finding no error in Judge Brown's denial of defendant's motion to withdraw her pleas of no contest, a majority of the

Court of Appeals affirmed judgment in the cases in which defendant had entered these pleas. Judge Clark dissented on the ground that there was no factual basis in the record to support defendant's pleas of no contest. Indeed the record demonstrated that defendant was, in fact, not guilty of these charges. We agree with Judge Clark.

[1] We note first that the Court of Appeals majority construed defendant's appeal from Judge Brown's denial of her motion to withdraw her pleas as based solely on Judge Brown's failure to conduct an evidentiary hearing on the question of *voluntariness* of the pleas. The majority reasoned that under the rationale of *State v. Dickens*, 299 N.C. 76, 261 S.E. 2d 183 (1980), no such hearing was required inasmuch as, unlike *Dickens*, the transcript taken at the time of defendant's pleas was conclusive on this question. We, like Judge Clark, do not construe defendant's argument in the Court of Appeals so narrowly. She did argue in her brief in that court:

> "Since the trial judge did not conduct a hearing to determine the appropriate findings concerning the basis for the Defendant's motion to withdraw her pleas of no contest made prior to sentencing ... the sentence imposed in those cases should be vacated and the cases remanded for an evidentiary hearing to determine whether the Defendant's motion to withdraw her pleas of no contest should be allowed. The Court of Appeals should strongly consider vacating the judgment in those cases and dismissing those cases since all of the cases arise out of the same series of events and are part of a common plan and should have been consolidated for trial. If the evidence considered in the light most favorable to the State is insufficient as a matter of law to sustain the convictions, the other cases should be dismissed also."

We agree with this argument.

A plea of guilty or no contest involves the waiver of various fundamental rights such as the privilege against self-incrimination, the right of confrontation and the right to trial by jury. Our legislature has sought to insure that such pleas are entered into voluntarily and as a product of informed choice. G.S. 15A-1022(a)(b). In addition, G.S. 15A-1022(c) provides that:

"(c) *The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea.* This determination may be based upon information including but not limited to:

(1) A statement of the facts by the prosecutor.
(2) A written statement of the defendant.
(3) An examination of the presentence report.
(4) Sworn testimony, which may include reliable hearsay.
(5) A statement of facts by the defense counsel."

(Emphasis supplied.)

The statute "does not require the trial judge to elicit evidence from each, any or all of the enumerated sources .... The trial judge may consider any information properly brought to his attention in determining whether there is a factual basis for a plea of guilty or no contest." *State v. Dickens, supra,* 299 N.C. at 79, 261 S.E. 2d at 185-86. That which he does consider, however, must appear in the record, so that an appellate court can determine whether the plea has been properly accepted. Discussing Fed. R. Crim. P. 11, which then provided that a federal court "shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea," the United States Supreme Court has noted that the factual basis must appear "on the record." *Santobello v. New York,* 404 U.S. 257, 261 (1971). *Accord, Gilbert v. United States,* 466 F. 2d 533 (5th Cir. 1972); *United States v. Delsanter,* 433 F. 2d 972 (2nd Cir. 1970); *Manley v. United States,* 432 F. 2d 1241 (2nd Cir. 1970).

Judge Brown, at the time he accepted defendant's plea of no contest, undoubtedly thought the record revealed a sufficient factual basis to support defendant's pleas. He earlier had submitted cases apparently arising from identical facts to the jury, and the jury had returned verdicts of guilty in all cases. The Court of Appeals, however, determined that the evidence in these earlier cases was insufficient to be considered by the jury and dismissal should have been granted.

We thoroughly agree with this ruling. The substantive evidence presented at trial by the state positively shows that

defendant had authority to sign the withdrawal slips in her grandmother's name. Not only, then, is this evidence insufficient to establish defendant's guilt; it, as Judge Clark noted, tends positively to show her innocence.

[2] Neither does the Transcript of Plea itself provide a factual basis for the plea. A defendant's bare admission of guilt, or plea of no contest, always contained in such transcripts, does not provide the "factual basis" contemplated by G.S. 15A-1022(c). If the plea itself constituted its own factual basis, the statute requiring a factual basis to support the plea would be meaningless. The statute, if it is to be given any meaning at all, must contemplate that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty.

In *State v. Dickens, supra,* 299 N.C. at 82, 261 S.E. 2d at 187, we relied on the fact, appearing of record, that defendant had been duly convicted in the district court on the very charges to which he entered pleas of guilty in superior court in addition to his statement in his transcript that he was "in fact" guilty to support our conclusion that a factual basis for the plea existed in the record.

For the reasons stated the decision of the Court of Appeals affirming the judgment against defendant based on her pleas of no contest is reversed. These pleas of no contest and the judgment based thereon in cases numbered 78-CRS-7705, 78-CRS-7711, 78-CRS-7713, 78-CRS-7715, 78-CRS-7717, 78-CRS-7719, 78-CRS-7727, and 78-CRS-9767, are hereby vacated. These cases are remanded to the Court of Appeals for remand to Edgecombe Superior Court for such proceedings as the state may elect to pursue.

Reversed and Remanded.

Justice BROCK did not participate in the consideration and decision of this case.