STATE OF NORTH CAROLINA v. WADDY NATHAN AGNEW

No. 388PA06

(Filed 4 May 2007)

**Criminal Law— guilty plea—independent judicial determination—information before the court not sufficient**

The trial court erred by accepting a guilty plea where there was nothing in the record to support an independent judicial determination of a factual basis for the plea. The transcript of plea was inadequate standing alone because the requirement of a factual basis would then be meaningless. Defense counsel's stipulation of a factual basis was insufficient because it gave the court no additional substantive evidence, the indictment simply stated the charge and did not provide any further factual description, and a summary of facts provided by the prosecution to a subsequent judge at defendant's sentencing hearing occurred months later rather than when the plea was accepted. N.C.G.S. § 15A-1022(c).

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 178 N.C. App. 234, 630 S.E.2d 743 (2006), affirming a judgment dated 9 March 2005 entered by Judge Clifton W. Everett, Jr. in Superior Court, Pitt County, following denial of defendant's motion to withdraw his plea of guilty. Heard in the Supreme Court 15 February 2007.

*Roy Cooper, Attorney General, by Dahr Joseph Tanoury, Assistant Attorney General, for the State.*

*Kevin P. Bradley for defendant-appellant.*

NEWBY, Justice.

This case presents the issue of whether N.C.G.S. § 15A-1022(c) requires an independent judicial determination that a sufficient fac-

tual basis exists before a trial court accepts a guilty plea. We find it does and reverse the Court of Appeals.

## I. BACKGROUND

On 8 March 2004, a grand jury indicted defendant for violating N.C.G.S. § 90-95. The indictment stated in pertinent part:

[O]n or about [23 April 2003] and in [Pitt County] the defendant named above unlawfully, willfully and feloniously did traffick cocaine by possession of in excess of 200 grams but less than 400 grams of a mixture containing cocaine, a controlled substance, included in Schedule II of the North Carolina Controlled Substance [sic] Act.

Defendant pled guilty on 9 June 2004 in Pitt County Superior Court. The trial court asked defendant questions listed on the Transcript of Plea (Form AOC-CR-300, rev. 2/2000), which defendant had completed and signed. In response, defendant affirmed that, *inter alia*, he understood the charges against him and "that there [were] mandatory sentences and fines"; he understood that he was giving up his right to a trial by jury; and he was "in fact guilty." After addressing defendant, the trial court had the following exchange with defense counsel:

THE COURT: Do you stipulate that there is a factual basis to support this plea and waive a formal presentation of the evidence?

[DEFENSE COUNSEL]: Yes, sir.

THE COURT: Based upon that stipulation, the Court finds that there is a factual basis for the entry of the plea, that the defendant is satisfied with [h]is lawyer, that the defendant is competent to stand trial, that the plea is the informed choice of the defendant, and that the plea is made freely, voluntarily, and understandingly.

Pursuant to defendant's plea arrangement, the trial court ordered that sentencing be continued until scheduled by the State.

On 10 March 2005, a different superior court judge, the Honorable Clifton W. Everett, Jr., held the sentencing hearing. Before sentencing, defendant addressed the court and said he "would like to explain [his] case." Defendant proceeded to tell the trial court that he had never seen any evidence in his case; he had never possessed the drugs in question; he did not understand how he could be charged

with trafficking by possession; he had been under the influence of marijuana when he pled guilty in June 2004; and he had been under the impression that he would receive probation for his cooperation with the prosecutor. Defendant further stated he wanted "to make a motion as far as [his] plea to see if [he could] have a fair trial."

Treating defendant's request as a motion to withdraw his guilty plea, the trial court denied this motion and said to the prosecutor: "Tell me something about the case so I can sentence him." The prosecutor described how law enforcement had contact with a confidential informant who assisted them in setting up an undercover drug sale in which defendant gave the undercover officer $5,750 for 347.5 grams of cocaine. The prosecution also stated that at the time of arrest, "defendant was actually caught with his right hand inside one of the bags of cocaine." After this summary by the State and further colloquy between the trial court and defendant in which defendant continued to assert that he never possessed the drugs, the trial court entered a sentence of 70 to 84 months and imposed a $100,000 fine.

Defendant appealed to the Court of Appeals, which unanimously affirmed the trial court. The Court of Appeals held the trial court complied with the N.C.G.S. § 15A-1022(c) factual basis requirement when accepting defendant's plea and the trial court did not err in denying defendant's motion to withdraw his guilty plea on grounds that fair and just reasons did not exist to support withdrawal. We allowed defendant's petition for discretionary review.

## II. ANALYSIS

The question presented is whether the trial court complied with N.C.G.S. § 15A-1022(c) in determining there was a factual basis for defendant's guilty plea. Because a guilty plea waives certain fundamental constitutional rights such as the right to a trial by jury, our legislature has enacted laws to ensure guilty pleas are informed and voluntary. See State v. Sinclair, 301 N.C. 193, 197, 270 S.E.2d 418, 421 (1980) (citing N.C.G.S. § 15A-1022(a)-(b)). Additionally, guilty pleas must be substantiated in fact as prescribed by the statute at issue in this case:

> The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:
>
> (1) A statement of the facts by the prosecutor.

(2) A written statement of the defendant.

(3) An examination of the presentence report.

(4) Sworn testimony, which may include reliable hearsay.

(5) A statement of facts by the defense counsel.

N.C.G.S. § 15A-1022(c) (2005).

The five sources listed in the statute are not exclusive, and therefore "[t]he trial judge may consider any information properly brought to his attention." *State v. Dickens*, 299 N.C. 76, 79, 261 S.E.2d 183, 185-86 (1980). Nonetheless, such information "must appear in the record, so that an appellate court can determine whether the plea has been properly accepted." *Sinclair*, 301 N.C. at 198, 270 S.E.2d at 421. Further, in enumerating these five sources, the statute "contemplate[s] that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty." *Id.* at 199, 270 S.E.2d at 421-22.

In the case *sub judice*, prior to accepting defendant's plea, the trial court had before it the indictment, defendant's Transcript of Plea, and defense counsel's oral stipulation that a factual basis existed. Defendant argues the trial court had no actual description of the conduct giving rise to the charge before accepting defendant's guilty plea and thus could not properly determine there was a factual basis under N.C.G.S. § 15A-1022(c). The State, relying on our decision in *Dickens*, argues the Transcript of Plea taken together with the indictment and defense counsel's stipulation provided adequate information for the trial court to determine that there was a factual basis.

In *Dickens*, the defendant sought a trial de novo in superior court after being convicted in district court of eight charges of issuing worthless checks. 299 N.C. at 82, 261 S.E.2d at 187. Before the superior court, the defendant entered pleas of not guilty and then subsequently changed his pleas to guilty. *Id.* at 76, 261 S.E.2d at 184. Almost immediately after judgment was entered on the guilty pleas, the defendant returned to the superior court and moved to withdraw his pleas. *Id.* at 77, 261 S.E.2d at 184. The superior court denied the motion to withdraw. *Id.* at 77, 261 S.E.2d at 185. On appeal before this Court, we concluded the superior court had sufficient information to determine there was a factual basis for the pleas because the record revealed that a district court judge found the defendant guilty after

considering evidence and the defendant had admitted actual guilt on his Transcript of Plea. *Id.* at 82, 261 S.E.2d at 187.

Nine months later in *Sinclair*, this Court addressed whether the Transcript of Plea itself provided sufficient information for the trial court to determine the existence of a factual basis. We concluded the transcript was insufficient, reasoning that "[i]f the plea itself constituted its own factual basis, the statute requiring a factual basis to support the plea would be meaningless." *Sinclair*, 301 N.C. at 199, 270 S.E.2d at 421. Further, this Court clarified our holding in *Dickens* by noting:

> In *State v. Dickens*, we relied on the fact, appearing of record, that defendant had been duly convicted in the district court on the very charges to which he entered pleas of guilty in superior court *in addition to* his statement in his transcript that he was 'in fact' guilty to support our conclusion that a factual basis for the plea existed in the record.

*Id.* at 199, 270 S.E.2d at 422 (emphasis added) (citation omitted).

In this case, there was scant factual information before the trial court when defendant's guilty plea was accepted. As noted in *Sinclair*, the Transcript of Plea standing alone was inadequate. Similarly, defense counsel's stipulation to the existence of a factual basis was insufficient because the stipulation gave the trial court no additional substantive information about the case as required by statute. Likewise, the indictment simply stated the charge and did not provide any further factual description of defendant's particular alleged conduct. In sum, the transcript, defense counsel's stipulation, and the indictment taken together did not contain enough information for an independent judicial determination of defendant's actual guilt in the instant case.

Finally, we note the summary of facts provided by the prosecution at defendant's sentencing hearing could not serve as the factual basis in this case because that summary occurred months after the plea had been accepted. N.C.G.S. § 15A-1022(c) requires that the trial court make the determination of a factual basis when accepting the plea.

## III. CONCLUSION

We conclude the trial court erred in accepting defendant's guilty plea because there was nothing in the record to support an indepen-

**IN RE INQUIRY OF BALLANCE**

[361 N.C. 338 (2007)]

dent judicial determination of a factual basis for the plea. Because we find the trial court erred in accepting defendant's guilty plea, we do not reach the issue of whether fair and just reasons exist for defendant to withdraw his plea. The Court of Appeals is reversed, and this case is remanded to that court for remand to the trial court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.