STATE OF NORTH CAROLINA,
v.
KEITH MAVERICK GADDY.
No. COA09-1013.
Court of Appeals of North Carolina.
Filed: February 16, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General June S. Ferrell, for the State.
Kimberly P. Hoppin, for defendant-appellant.
CALABRIA, Judge.
Keith Maverick Gaddy ("defendant") appeals a judgment for possession of cocaine and for attaining the status of an habitual felon. We find no error at trial, but vacate defendant's judgment and remand for resentencing.

I. Background
In March 2008, Detective Barrett Wayne Thompson ("Det. Thompson"), a deputy sheriff with the Vice Narcotics Unit ("the Narcotics Unit") of the Columbus County Sheriff's Office, supervised a controlled purchase of narcotics by a confidential informant from a residence located in Whiteville, North Carolina ("the residence"). The purchased narcotics were subsequently tested and determined to be cocaine. As a result of the controlled buy, Det. Thompson was able to obtain a search warrant for the residence.
On 6 March 2008, the Narcotics Unit, with the support of a SWAT team (collectively "the officers"), executed the search warrant. Kenneth Ford ("Ford"), the lessee of the residence, was at the residence during the execution of the warrant. Ford informed Det. Thompson that his bedroom was located adjacent to the dining room and that the remaining bedroom, located at the back of the residence, belonged to defendant. During the search of defendant's bedroom, officers seized, inter alia, a baggie containing a substance later determined to be cocaine, a Crown Royal bag containing a substance later determined to be marijuana, and a set of digital scales.
During the search of the residence, two subjects, one of which was defendant, were detained. Lieutenant Steve Worthington ("Lt. Worthington") encountered defendant lying face down in the carport of the residence. On the ground, approximately two feet away from defendant, was a hat. Inside the hat, Lt. Worthington discovered a small amount of a substance later determined to be cocaine. Defendant admitted to Lt. Worthington that the hat belonged to him. When asked about the cocaine, defendant stated to Lt. Worthington, "that's all I got."
Defendant was subsequently indicted and was tried in Columbus County Superior Court for the offenses of possession with intent to sell or deliver cocaine, possession with intent to sell or deliver marijuana, and attaining the status of an habitual felon. At trial, defendant made a motion to dismiss all charges at the close of the State's evidence, which was denied by the trial court. Defendant did not present any evidence. On 26 March 2009, the jury returned a verdict finding defendant guilty of the lesser included offense of possession of cocaine. The jury also returned a verdict finding defendant not guilty of possession with intent to sell or deliver marijuana. Defendant stipulated to the State's information regarding defendant's prior record level and then pled guilty to attaining the status of an habitual felon. The offenses were consolidated for judgment, and defendant was sentenced to a minimum of 141 months to a maximum of 179 months in the North Carolina Department of Correction. Defendant appeals.

II. Motion to dismiss
Defendant argues that the trial court erred by denying his motion to dismiss. Defendant contends that the State did not present sufficient evidence to support a conviction for possession of cocaine. We disagree.
"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Wright, ___ N.C. App. ___, ___, 685 S.E.2d 109, 115 (2009) (citation omitted). "Substantial evidence is evidence that a reasonable mind might find adequate to support a conclusion." State v. Coleman, ___ N.C. App. ___, ___, 684 S.E.2d 513, 516 (2009) (citation omitted). A trial court's ruling on a motion to dismiss is reviewed de novo. Id.
The offense of possession of cocaine has two elements: "[t]he substance must be possessed, and the substance must be knowingly possessed." State v. Sinclair, 191 N.C. App. 485, 492, 663 S.E.2d 866, 872 (2008) (citation omitted).
The possession element of the offense[] can be proven by showing either actual possession or constructive possession. Constructive possession exists when the defendant, while not having actual possession, . . . has the intent and capability to maintain control and dominion over the narcotics. Constructive possession depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the question will be for the jury. Furthermore, if the defendant's control of the premises where the contraband is found is non-exclusive, constructive possession of the contraband may be inferred from other incriminating circumstances.
Id. (internal quotations and citations omitted).
In the instant case, defendant was apprehended by police during a search of the residence. When Lt. Worthington first saw defendant, there was a hat on the ground two feet away from defendant. Defendant admitted that the hat was his, and when cocaine was subsequently discovered in the hat, defendant told Lt. Worthington, "that's all I got." This evidence was sufficient to prove that defendant knowingly possessed the cocaine located in the hat. This assignment of error is overruled.

III. Defendant's guilty plea
Defendant argues that the trial court erred in accepting defendant's guilty plea to attaining the status of an habitual felon. Defendant contends that the State failed to provide an adequate factual basis for the guilty plea. We agree and vacate defendant's guilty plea.
Defendant did not object to the trial court accepting his guilty plea at trial. However, "N.C. Gen. Stat. § 15A-1446(d)(16) provides, `[e]rrors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division . . . (16) Error occurred in the entry of the plea.'" State v. Artis, 174 N.C. App. 668, 676, 622 S.E.2d 204, 210 (2005).
The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:
(1) A statement of the facts by the prosecutor.
(2) A written statement of the defendant.
(3) An examination of the presentence report.
(4) Sworn testimony, which may include reliable hearsay.
(5) A statement of facts by the defense counsel.
N.C. Gen. Stat. § 15A-1022(c) (2007).
The trial judge may consider any information properly brought to his attention in determining whether there is a factual basis for a plea of guilty or no contest. That which he does consider, however, must appear in the record, so that an appellate court can determine whether the plea has been properly accepted.
State v. Sinclair, 301 N.C. 193, 198, 270 S.E.2d 418, 421 (1980) (internal quotations and citation omitted).
"Any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." N.C. Gen. Stat. § 14-7.1 (2007). "A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." N.C. Gen. Stat. § 14-7.4 (2007).
Prior to tendering defendant's prior record level worksheet ("the worksheet") to the trial court, the State provided defendant an opportunity to review it. The State informed the trial court: "If they would stipulate as to prior record level as six, I will tender the sheet and that will not require any other testimony or witnesses." Defendant's counsel and defendant subsequently reviewed the worksheet and informed the trial court: "Your Honor, my client does indicate that this is his record." The State then tendered the worksheet to the trial court.
The worksheet, included in the record on appeal, listed fifteen prior misdemeanor convictions and only two prior felony convictions. According to the worksheet, defendant was convicted of felony larceny on 7 February 1995 in Bladen County.[1] Additionally, the worksheet indicated that defendant was convicted of felony forgery of endorsement on 2 May 1995 in Robeson County. There are no other felony convictions listed on the worksheet.
Although defendant attempted to stipulate to his habitual felon status, "[N.C. Gen. Stat. § 15A-1022], if it is to be given any meaning at all, must contemplate that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty." Sinclair, 301 N.C. at 199, 270 S.E.2d at 421-22. The record indicates that the only independent evidence provided to the trial court was the worksheet, which lists only two prior felony convictions. Therefore, the State did not provide an adequate factual basis to the trial court to support defendant's guilty plea and, as a result, it was error to accept defendant's plea. Defendant's judgment is hereby vacated.

IV. Conclusion
Because we have vacated defendant's judgment, it is unnecessary to consider defendant's remaining arguments. We remand the case to the trial court for resentencing.
No error at trial, judgment vacated, and remanded for resentencing.
Judges WYNN and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] Defendant's counsel stipulated to an amendment to the habitual felon indictment changing this date from 7 February 1995 to 8 February 1995.