An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-969
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

    v.

ROBERT LEWIS WILSON, JR.

Cleveland County
Nos. 11 CRS 1130-31, 86

On writ of certiorari from judgment entered 23 January 2013 by Judge Linwood O. Foust in Superior Court, Cleveland County. Heard in the Court of Appeals 29 April 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Ryan C. Zellar, for the State.*

*Diepenbrock Law Office, P.A., by J. Thomas Diepenbrock, for Defendant-Appellant.*

McGEE, Judge.

Robert Lewis Wilson, Jr. ("Defendant") pleaded guilty to possession with intent to sell or deliver a schedule II controlled substance, sale or delivery of a schedule II controlled substance, possession with intent to sell or deliver cocaine, sale or delivery of cocaine, and attainment of habitual felon status. The trial court consolidated the convictions and

sentenced Defendant on 23 January 2013 to incarceration for a term of 92 to 120 months.

Defendant filed a petition for writ of certiorari on 25 October 2013. In this petition, counsel for Defendant acknowledged that Defendant may not have given timely notice of appeal and that counsel could not identify an issue that could properly be raised on appeal. Counsel asked this Court to issue a writ of certiorari to review the issue of whether the trial court properly determined there was a factual basis for Defendant's plea to attaining the status of habitual felon. Four days later, Defendant filed an amended petition for writ of certiorari which is identical to the first petition except for the addition of a verification. The petition as amended has been referred to this panel for decision.

In our discretion, we allow the petition and consider Defendant's argument that the trial court erred in determining that a factual basis supported Defendant's admission to attaining the status of habitual felon.

"The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea." N.C. Gen. Stat. § 15A-1022(c) (2013).

> This determination may be based upon
> information including but not limited to:

(1) A statement of the facts by the prosecutor.

(2) A written statement of the defendant.

(3) An examination of the presentence report.

(4) Sworn testimony, which may include reliable hearsay.

(5) A statement of facts by the defense counsel.

*Id.*

In the present case, the habitual felon indictment lists three prior felony convictions entered during three different sessions of court based upon offenses committed on 20 August 1992, 7 May 2004, and 9 February 2005. At the plea hearing, Defendant verbally stated there were facts to support his plea, that he stipulated to a factual basis for the plea, and that he consented to the State summarizing the evidence relating to the factual basis. The State subsequently narrated the facts supporting Defendant's habitual felon status arising out of Defendant's commission of felony offenses committed in August 1992, May 2004, and February 2005.

Defendant contends that the trial court's determination that there was a factual basis for Defendant's admission to habitual felon status "is not supported in the record" and that

the "State's summary did not provide the factual basis." For support, Defendant cites *State v. Sinclair*, 301 N.C. 193, 270 S.E.2d 418 (1980), and *State v. Agnew*, 361 N.C. 333, 643 S.E.2d 581 (2007).

In *Sinclair*, our Supreme Court concluded that a "defendant's bare admission of guilt . . . does not provide the 'factual basis' contemplated by G.S. 15A-1022(c)." *Sinclair*, 301 N.C. at 199, 270 S.E.2d at 421. "The statute, if it is to be given any meaning at all, must contemplate that some substantive material independent of the plea itself appear of record which tends to show that [the] defendant is, in fact, guilty." *Id.* at 199, 270 S.E.2d at 421-22.

In *Agnew*, our Supreme Court considered the same issue and concluded that "the transcript, defense counsel's stipulation, and the indictment taken together did not contain enough information for an independent judicial determination of [the] defendant's actual guilt in the instant case." *Agnew*, 361 N.C. at 337, 643 S.E.2d at 584.

The crux of Defendant's argument is that the prosecutor for the State "identified one of the three convictions used for [habitual felon] status as being the 5 August 2004 conviction for the sale or delivery of cocaine" and subsequently

"contradicted her summary of the convictions utilized for the habitual felon status" when she made the following statement:

> And, as to his prior record, the State counted his points for Assault on a Female from 2002, Cleveland County, and Assault on a Female from 2003, Cleveland County as Class 1 misdemeanors. A series of felony breaking and enterings and larcenies that do not include the habitual one from October 15, 1992 here in Cleveland County.
>
> A felonious possession of stolen goods from May 16, of 2000 here in Cleveland County and the G felony being sell and delivery of cocaine August 5, 2004 right here in Cleveland County.
>
> The offense that was used to elevate him to habitual for that date was for possession and not the sell.

However, as the State points out, the prosecutor's statement served only to make "clear that the August 5, 2004 charge that was used to elevate Defendant to habitual felon status . . . was different from the charge used on [D]efendant's prior record level worksheet[.]" Indeed, the record shows that the habitual felon indictment lists "the felony offense of Possession With Intent to Sell or Deliver Cocaine" with a conviction date of 5 August 2004. The prior record level worksheet shows a conviction for "sell/deliver cocaine" on 5 August 2004. The record does not indicate that the prosecutor contradicted her summary of the convictions utilized for the habitual felon

status when she made the foregoing statement.  Defendant has not shown error on this basis.

Affirmed.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).