DIAZ, Circuit Judge,
dissenting:
Boggala’s deferred prosecution agreement counts as a conviction for immigration purposes only if he “admitted sufficient facts to warrant a finding of guilt.” 8 U.S.C. § 1101(a)(48)(A)(i). Specifically, we must consider whether Boggala’s signature on the “Information” document, his check-mark-, on the deferred prosecution agreement form, and his statements at the deferred prosecution hearing constitute the admission of sufficient facts upon which a North Carolina court could find Boggala guilty- of a crime. Because the answer is no, I respectfully dissent.
I.
Boggala’s signature on the “Information” document comes below the line: “WAIVER: I, the undersigned defendant, waive the finding and return into Court of a Bill of Indictment and agree that the case may be tried upon the above information.” A.R. 816. That signature is not a stipulation to any facts or an admission of güilt. Instead, it merely allowed the State *571 of North Carolina to dispense with the requirement of securing a bill of indictment. See N.C. Gen. Stat. § 15A-923 (“An information and a bill of indictment charge the crime or crimes in the same manner. An information has entered upon it or attached to it the defendant’s written waiver of a bill of indictment.”); cf. State v. Jones-White, No. COA06-1402, 2007 WL 2034115, at *1 (N.C. Ct. App. July 17, 2007) (defendant waived return of a bill of indictment and agreed to be tried upon an information and then proceeded to trial where state presented evidence to prove the information).
Boggala also checked box 5 of the deferred prosecution agreement form, which states:
The admission of responsibility given by me and any stipulation of facts shall be used against me and admitted into evidence without objection in the State’s prosecution against me for this offense should prosecution become necessary as a result of these terms and conditions of deferred prosecution.
A.R. 818. But as the majority recognizes, the deferred prosecution agreement form itself contains no stipulated facts. See Majority Op. at 568 n.3. Rather, it merely lists the offense description (“solicit child by computer to commit sex act”), the offense date, and the maximum term of imprisonment.
Nor did Boggala stipulate to any facts at his deferred prosecution hearing. Instead, the following exchange took place:
The Court: Sir, you are admitting responsibility and stipulating to the facts to be used against you and admitted into evidence without objection in the state’s prosecution against you for this offense should prosecution become necessary as a result of these terms, that is, if you do not complete the terms of this agreement. Do you understand that?.
The Defendant [Boggala]: Yes.
A.R. 826. All Boggala did at the hearing was respond “yes” after the state court judge read aloud almost verbatim the language in box 5 of the deferred prosecution agreement form next to which Boggala placed his checkmark. It stands to reason that if Boggala’s checkmark next to ‘box 5 isn’t enough to make out a stipulation, then Boggala’s response to the state court judge’s inquiry shouldn’t be enough either.
My friends in the majority make much of the fact that during the colloquy the judge used the definite article “the” before “facts to be used against you ... should prosecution become nécessary” instead of the indefinite pronoun “any,” which appears in the analogous part of the deferred prosecution agreement form. According to the majority, this grammatical switch in time saved the day by making it “evident that [a] stipulation occurred.” See Majority Op. at 568 n.3.1 cannot agree.
To accept the majority’s premise, we must first assume that the judge intentionally used “the” in the way the majority understands it—as a reference to the Information, “the only defined set of facts in existence”—and second that Boggala understood as much. See Majority Op. at 568. Nothing in the record supports either assumption. In fact, the only time the judge even referred to the Information was in the following prefatory exchange with the assistant district attorney:
The Court: If [Boggala’s charge] is a lesser included [charge], why do we need a bill of information?
Mr. Paschal: It has not been indicted, ma’am. It’s still in district court.
The Court: Okay. All right. Madam Clerk, if you would swear the defendant, please.
A.R. 823.
In my view, it’s .equally if not more likely that as the judge read aloud the language in box 5 to Boggala, she simply *572 revised some clauses that would have otherwise sounded nonsensical, given that she was the one speaking. Indeed, the judge’s entire colloquy with Boggala followed the same pattern—the judge repeated in order and almost verbatim the language on the deferred prosecution. agreement form, pausing where appropriate to allow Bogga-la to respond “yes” or “no.” Put simply, Boggala did not adopt a statement of facts during his colloquy with the state court judge, nor did the judge identify one. To hold otherwise, the majority interprets what’s at best an ambiguous exchange between Boggala and the state court judge as one filled with intention. That view of things, however, is not supported by North Carolina law.
There are five nonexclusive statutory grounds in North Carolina for finding a sufficient factual basis for a plea: “(1) A statement of the facts by the prosecutor, (2) A written statement of the defendant. (3) An examination of the presentence report. (4) Sworn testimony, which may include reliable hearsay. (5) A statement of facts by.the defense counsel.” N.C. Gen. Stat. § 15A4022(c). None exist here.[1] Additionally, in determining whether there is a sufficient factual basis the “judge may consider any information properly brought to his [or her] attention.” State v. Sinclair, 301 N.C. 193, 270 S.E.2d 418, 421 (1980) (internal quotation marks omitted). Nonetheless, what the judge “does consider ... must appear in the record, so that an appellate court can determine whether the plea has been properly accepted.” Id.
Critically, that a judge theoretically could have had a piece of information in mind when making a factual basis determination doesn’t satisfy Sinclair's requirement that the consideration appear on the record. In State v. Flint, for example, the defendant pleaded guilty to 68 felonies, 2 misdemeanors, and a habitual felon charge. 199 N.C.App. 709, 682 S.E.2d 443, 446 (2009)¡ “The prosecutor then submitted a written factual basis for the plea listing [47] felonies to which defendant stipulated.” Id. at 446. On appeal, the defendant challenged the sufficiency of the factual basis for his plea. The court of appeals vacated the trial court’s judgment because there was “insufficient evidence to demonstrate that each guilty plea had a proper factual basis.” Id. at 462. “[T]he record indieate[d] that the trial court relied solely on the factual basis document presented by the State in determining the factual basis” for the plea, and the prosecutor’s statement of facts did not cover all of the charges to which .the defendant pleaded guilty. Id.
Notably, the court refused to go beyond what appeared on the face of the record in determining whether a sufficient factual basis existed. So for example, while the presentence report might have contained a relevant factual basis, there was no “indication that an examination of the 'presen-tence report was conducted.” See id. The State’s argument “that the indictments for each of the charges provide[d] the factual basis for the [21] felonies not found in the factual basis document” failed for the same reason:
While it is true that the indictments are contained in the record on appeal, it is not clear if they were, in fact, before the trial court during defendant’s plea. The *573 trial court, in its factual basis determination, never mentionfed] the indictments and only refer[red] to the State’s factual basis document.
Id. at 453.
As in Flint, the Information in this case was in the record when the judge reviewed the deferred prosecution agreement form with Boggala. But there’s no indication that the judge examined the Information or otherwise incorporated it into her colloquy with Boggala. Her cursory reference to the Information, when placed into context, cannot suffice—she merely asked the assistant district attorney why the document existed. Simply put, there’s no bridge between the judge’s reference to “the facts to be used against [Boggala] ... should prosecution become necessary” and the Information other than pure speculation.[2]
II.
In sum, there is no factual basis sufficient to warrant a finding of guilt against Boggala. Instead, all that exists on this record is that Boggala entered into a deferred prosecution agreement for the offense of soliciting a child by computer to commit an unlawful sex act in violation of N.C. Gen. Stat. § 14-202.3(a). The listing of the offense and offense date and the admission of “responsibility” do not qualify as a “conviction” for immigration purposes because they could not support a judicial finding of guilt. To hold otherwise requires that we speculate, draw inferences against Boggala, and effectively carry the government’s burden for it.
This I am unwilling to do. I respectfully dissent.

. The Information, for example, is not a statement of facts by the prosecutor. See State v. Williams, 200 N.C.App. 767, 684 S.E.2d 898, 900 (2009) (acknowledging a difference between allegations constituting an Information and "a statement of the facts by the prosecutor”); cf. Sinclair, 270 S.E.2d at 421 (holding that North Carolina's "Transcript of Plea itself” 'does not . "provide a factual basis for [a] plea” because "[a] defendant’s bare admission of guilt ... always contained in such transcripts[ ] does not provide the ‘factual basis’ contemplated by [N.C. Gen. Stat. § ] 15A-1022(c)”).

. The speculation necessary to make sense of the colloquy means that it would also fail to satisfy Federal Rule of Criminal Procedure ll(b)(3)'s requirement that “[bjefore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.” Compare United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (Rule 11 satisfied where defendant “provided the court with a signed statement of facts which he admitted on the record was an accurate representation of what happened”), with United States v. Mastrapa, 509 F.3d 652, 659 (4th Cir. 2007) (Rule 11 not satisfied where magistrate judge recommended that the district court accept the defendant’s guilty plea based on the erroneous conclusion that there was a sufficient factual basis for it, and the district court, "recognizing] th[e] failure that had occurred in the Rule 11 proceeding, ... re-characterized that hearing as one on an Alford plea” but didn’t "explain[ ] an Alford plea to [the defendant or] enlist[ ] his agreement to enter into one”). Here, the majority engages in the same type of post hoc analysis we frowned upon in Mastrapa.