An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-45

Filed 1 October 2025

Stanly County, Nos. 20CRS051252-830, 20CRS051253-830, 24CRS271613-830

STATE OF NORTH CAROLINA

      v.

DERRICK ANTONIO ROGERS, Defendant.

Appeal by defendant from judgment entered 11 April 2024 by Judge Patrick Thomas Nadolski in Stanly County Superior Court. Heard in the Court of Appeals 8 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Cannon E. Lane, for the State-appellee.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for defendant-appellant.*

PER CURIAM.

Defendant Derrick Antonio Rogers seeks an *Anders* review of the record for any meritorious relief available for the revocation of his probation. Defendant's appeal is limited pursuant to N.C.G.S. § 15A-1444.

On 14 July 2021, defendant entered a guilty plea for two counts of assault with a deadly weapon on a government official and received a consolidated sentence of 19

to 32 months' imprisonment, suspended for 36 months of supervised probation. The conditions for probation included: to not commit a criminal offense, to attend mental health treatment and follow recommendations, to report to his probation officer, and to not abscond. In 2023, three probation violation reports were filed against defendant. In 2024, defendant was charged with fleeing/eluding arrest with a motor vehicle, driving while impaired ("DWI"), driving with a revoked license from a previous DWI, reckless driving with wanton disregard, and possessing an open alcoholic container in a passenger area.

At a hearing on 11 April 2024, defendant admitted to absconding in violation of probation, and the trial court activated his sentence by revoking his probation. Defendant entered an *Alford* guilty plea for the felony fleeing to elude and DWI and the remaining charges were dismissed. The trial court found defendant to have a prior record level V and was sentenced to 14 to 26 months' imprisonment for fleeing to elude and a concurrent level one sentence of 24 months' imprisonment for the DWI.

In accordance with *Anders v. California* and *State v. Kinch*, defendant seeks review of the record on appeal for any meritorious issue after defense counsel found no merit and requested this court review for prejudicial error. *See Anders*, 386 U.S. 738, 744 (1967); *Kinch*, 314 N.C. 99, 102 (1985). Defense counsel complied with the requirements for an *Anders* review by sending defendant a copy of the record and the brief, advising defendant of his right to file a supplemental brief, and providing defendant with the Court mailing address. *Kinch*, 314 N.C. at 102.

- 2 -

Defense counsel asks the Court to consider the following issues for potential prejudice: (1) whether the charging documents were sufficient to confer jurisdiction upon the trial court; (2) whether there was a sufficient factual basis for the plea; (3) whether the trial court erred in sentencing defendant; and (4) whether defendant's revocation of probation was proper. We review these issues to determine whether the appeal is "wholly frivolous." *Id.* at 103.

The charging documents were sufficient to confer jurisdiction. "The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." *State v. Harris*, 219 N.C. App. 590, 592–93 (2012). The charging documents sufficiently stated the offense charged in accordance with the law. There was no prejudicial error.

There was a sufficient factual basis for the plea. The State presented a sufficient factual basis for the charges appearing in the judgment. *See State v. Agnew*, 361 N.C. 333, 335 (2007). The State described how defendant drove dangerously by driving over 80 miles per hour in a 45 mile per hour zone, how he eluded and fled arrest near a check point, was under the influence with red, glassy eyes, and how there were empty containers of alcohol in the passenger seat of the car. This satisfies the requirements of N.C.G.S. § 15A-1022(c). There was no prejudicial error.

The trial court did not err in sentencing defendant. The trial court considered defendant's prior convictions and both the State and defendant stipulated to the

convictions, points, and record level. Defendant's sentence was based upon defendant's prior record level and was within the range authorized pursuant to N.C.G.S. § 15A-1444(a2)(1)–(3). There was no prejudicial error.

Finally, the trial court properly revoked defendant's probation pursuant to N.C.G.S. §§ 15A-1344(a), 15A-1343(b)(1), and 15A-1343(b)(3a). Defendant entered an *Alford* plea for fleeing/eluding arrest and DWI. Defendant also admitted to absconding as part of the *Alford* plea. Accordingly, there was no prejudicial error.

Having reviewed the appealable issues pursuant to N.C.G.S. § 15A-1444, we determine defendant's trial was free of prejudicial error.


AFFIRMED.

Before a panel consisting of Judges GORE, FLOOD, and STADING.

Report per Rule 30(e).