ELEANOR S. PEGG, Plaintiff,
v.
JOHN DOE 1-10 and JANE DOE 1-10 and ERVIN JONES, Defendants.
No. COA05-1490
North Carolina Court of Appeals
Filed August 1, 2006
This case not for publication
Orange County No. 04 CVS 891.
Alexander and Miller, LLP, by Sydenham B. Alexander, Jr., and Meg K. Howes, for plaintiff appellee.
Levine and Stewart, by John T. Stewart and James E. Tanner III, for Ervin Jones defendant appellant.
McCULLOUGH, Judge.
Defendant Ervin Jones appeals from a superior court judgment declaring that plaintiff Eleanor Pegg is fee simple owner of a two-acre tract in Orange County, North Carolina. We vacate and remand.

Facts
The evidence presented in superior court tended to show the following: In January of 1954, Ed J. Jones and Lourinda Jones conveyed their interest in a fifty-acre tract of land to their son, Paschal B. Jones, by a general warranty deed. The deed to Paschal reserved a life estate for Ed and Lourinda. In 1958, Ed and Lourinda deeded their life interest to Paschal via warranty deed. Each of these conveyances was properly recorded.
On 3 June 1965, Paschal and his wife transferred their entire interest in the fifty-acre tract to Carl and Eleanor Pegg by a duly recorded warranty deed. There was evidence that, at the time of this conveyance, Ed and Lourinda's son, Cecil, and his wife, Alease, were living on a portion of the fifty-acre tract which comprised between two and five acres. There was also testimony that Cecil had a small home on the two-to-five acre tract, which he had built in 1940 and had resided in ever since, and that, when the Peggs purchased the tract of land from Paschal Jones, they knew that Cecil and Alease were living on a portion of the property. On 23 September 1965, the Peggs executed a duly recorded deed conveying a life estate to Cecil and Alease in a two-acre tract. This conveyance was based upon a survey of the land being occupied by Cecil and Alease.
Apparently, Carl Pegg came to discuss this arrangement with Cecil and Alease in their home. There was testimony that, upon hearing the word "property," Cecil became ostensibly angry, retrieved a loaded shotgun that he kept over his bedroom door, pointed the firearm at Carl Pegg, and told Pegg to leave or he would be shot. Carl Pegg left a copy of the recorded deed on the kitchen table and left in a hurried fashion. Alease and her daughter took this deed to have it reviewed.
After 1965, Cecil and Alease lived on the two-acre tract for the duration of their lives. They raised their children on the tract and paid taxes on it. Cecil died in 1993, and Alease died in 1994. Their son, defendant Ervin Jones, remained on the land. The Jones family paid taxes on the property through 2000, and Ervin Jones (hereinafter Jones) paid the taxes on the two-acre tract in 1998, 1999, and 2000.
Sometime after 19 March 2001, Eleanor Pegg (hereinafter Pegg) learned of the deaths of Cecil and Alease. She began paying taxes on the property and filed quiet title and summary ejectment actions. Jones filed an answer denying Pegg's claims and a counterclaim in which he contended that he had acquired fee simple title to the property via adverse possession.
Following a hearing, the superior court entered an order in which it ruled that Pegg held fee simple title to the entire fifty-acre tract and that, although Jones had occupied the two-acre tract without Pegg's consent or permission, he had not done so long enough to acquire title to the property by adverse possession. Jones was ordered to vacate the property immediately.
Jones now appeals.

Standard of Review
On an appeal from a judgment entered after a non-jury trial, this Court reviews the trial court's findings of fact for whether they are supported by competent evidence in the record. Cartin v. Harrison, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002), disc. review denied, 356 N.C. 434, 572 S.E.2d 428 (2002). We review the trial court's conclusions of law for whether they are supported by the court's findings and are consistent with applicable law. Id.

Legal Discussion
The dispositive issue on appeal is whether the trial court failed to make findings of fact which were sufficient to dispose of Jones' claim of adverse possession. We hold that the trial court did fail to make sufficient findings in light of the evidence presented.
"In all actions tried upon the facts without a jury . . . , the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2005). "Rule 52(a) does not, of course, require the trial court to recite in its order all evidentiary facts presented at hearing." Quick v. Quick, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982). "The facts required to be found specially are those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached." Id.
The elements of a claim for adverse possession are established by section 1-40 of the North Carolina General Statutes:
No action for the recovery or possession of real property, or the issues and profits thereof, shall be maintained when the person in possession thereof, or defendant in the action, or those under whom he claims, has possessed the property under known and visible lines and boundaries adversely to all other persons for 20 years; and such possession so held gives a title in fee to the possessor, in such property, against all persons not under disability.
N.C. Gen. Stat. § 1-40 (2005). "'In order for adverse possession to ripen title in the possessor, the possession must be actual, open, hostile, exclusive and continuous. . . .'" Campbell v. Mayberry, 12 N.C. App. 469, 475, 183 S.E.2d 867, 871 (citation omitted), cert. denied, 279 N.C. 726, 184 S.E.2d 883 (1971).
"To establish that a use is 'hostile' rather than permissive, 'it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate.' A 'hostile' use is simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right." There must be some evidence accompanying the user which tends to show that the use is hostile in character and tends to repel the inference that it is permissive and with the owner's consent. A mere permissive use of a way over another's land, however long it may be continued, can never ripen into an easement by prescription.
Dickinson v. Pake, 284 N.C. 576, 580-81, 201 S.E.2d 897, 900 (1974) (citations omitted).
In the instant case, the evidence tended to show that the Peggs acquired title to the tract at issue on 3 June 1965 and thereafter gave a life interest in the tract of land at issue to Cecil and Alease by a deed which was recorded on 28 September 1965. In addition, Jones presented evidence that Cecil believed that he was given the tract of land at issue from Ed and Lourinda in 1940; that Cecil and Alease thereafter had been in possession of the tract where they had maintained a home and had reared their children; and that Cecil and Alease did not believe that the 1958 transfer from Ed and Lourinda to Paschal affected their rights to the land. Further, Jones presented evidence that Cecil had forced Carl Pegg to leave the property, under threat of being shot, when Carl Pegg came to explain and deliver the deed conveying the life estate.
After hearing the evidence, the trial court made only the following five findings of fact:
1. The Plaintiff, Eleanor S. Pegg, acquired title to the property in question by a deed dated the 3rd day of June, 1965 recorded at the Register of Deeds of Orange County in Book 202 at page 188.
2. Thereafter, the Plaintiff and her husband, Carl H. Pegg, conveyed a limited life interest in a two acre tract to Cecil Jones and wife, Alease L. Jones. This deed was recorded in the Orange County Register of Deeds in Book 203 at Page 788 on or about the 28th day of September, 1965. A copy of this deed was delivered to Cecil Jones and his wife, Alease L. Jones, by Carl H. Pegg.
3. Cecil Jones died on June 15, 1993.
4. Alease L. Jones died on December 21, 1994.
5. The Defendant, Ervin Jones, the son of Cecil and Alease Jones, has occupied the property since the death of his mother. He has done so without the permission or consent of the Plaintiff.
Based on these findings, the trial court concluded that Jones had not acquired the land by adverse possession.
The trial court's findings fail to resolve the factual issues raised by Jones' evidence, namely (1) whether Cecil and Alease began adversely possessing the tract at issue on or before the date upon which the Peggs received title to the tract at issue, and (2)whether Cecil and Alease rejected the Peggs' attempt to convey a life estate by forcing Carl Pegg to leave the property. Without resolving these issues, the trial court's order could not properly dispose of Jones' adverse possession claim.
We note that our decision in this regard should not be construed as expressing an opinion on the issue of whether Jones has a valid adverse possession claim. We note also that our disposition of the case makes it unnecessary for us to address the remaining arguments on appeal, and we express no opinion on the issues presented by these arguments.

Conclusion
The trial court's order is vacated, and this case is remanded for additional findings concerning Jones' adverse possession claim.
Vacated and remanded.
Judge TYSON concurs.
Judge HUDSON concurs in result only.
Report per Rule 30(e).