IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-699

Filed 4 June 2025

Henderson County, No. 23CRS000044-440

STATE OF NORTH CAROLINA

v.

CARROL LEE OWENS

Appeal by defendant from judgment entered 30 January 2024 by Judge William T. Stetzer in Superior Court, Henderson County. Heard in the Court of Appeals 13 February 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Maria Bruner Lattimore, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for defendant.*

ARROWOOD, Judge.

Carrol[1] Lee Owens ("defendant") appeals from judgment entered after pleading guilty to twenty-five offenses. Defendant contends the trial court erred by accepting

---

[1] We note that the warrants for arrest, defendant's motion to proceed pro se, waiver of counsel form, defense counsel's motion to withdraw, transcript of plea, prior record worksheet, and pro se notice of appeal each list defendant's first name as "Carrol," while the orders for arrest, indictments, order granting motion to proceed pro se, judgment and commitment, and appellate entries list defendant's first name as "Carroll." Additionally, it appears several of defendant's underlying felonies were addressed by this Court in *State v. Owens*, 178 N.C. App. 742 (2006) (unpublished), which lists defendant's first name as "Carrol." Although this spelling differs from the judgment on appeal, we recognize and adopt the spelling from defendant's motions and prior proceedings.

his guilty plea where the State "merely read the indictments" in presenting the factual basis for the offenses. Defendant has additionally filed a petition for writ of certiorari requesting appellate review. For the following reasons, we grant defendant's petition for writ and affirm the trial court's judgment.

## I.  Background

Defendant was charged with a total of twenty-five offenses on the following dates:  19 March 2018;  8 November 2021;  15 December 2021;  1 March 2023;  and 5 May 2023. Defendant filed a motion to proceed pro se on 28 July 2023,[2] which the trial court granted by order entered 6 September 2023.

The matter came on for trial on 29 January 2024, with defendant representing himself and his formerly appointed counsel on standby. Defendant filed several pretrial motions which were heard and ruled upon.

On 30 January 2024, the State offered defendant the opportunity to plead guilty as charged and be sentenced to a term of 117 to 153 imprisonment for common law robbery, elevated from a Class G to a Class C by nature of habitual felon charges. Defendant agreed to plead guilty, and the trial court conducted a plea colloquy, explaining the charges and the maximum sentences associated with each charge.

Following the plea colloquy, the prosecutor recited a factual basis for each of the twenty-five charges. The prosecutor proceeded to provide a brief description of

---

[2] Defendant's trial counsel filed a motion to withdraw on 15 August 2023, and defendant signed a waiver of counsel form on 18 August 2023.

defendant's conduct and details of the offense relevant to each specific charge. For the habitual felon offenses, the prosecutor read aloud the three underlying convictions, including the case file numbers, and the counties of arrest and conviction. Several recitations are included in relevant part:

> In 21 CRS 347 as to habitual felon, having completed this date of offense being July 25th of 2021, he did, on May 26th of 1997, commit the felony larceny in 97 CRS 23344, was convicted of same on December 10th of 1997. That on November 26, 2004, as to the felony flee to arrest[sic] in 04 CRS 57653, he did commit the offense of felony flee to elude, conviction date of May 4th, 2005. Date of offense of that was 11/26/04.
> . . . .
> In 18 CRS 159, as to habitual felon, completed on January 18th of 2018. Defendant was convicted on December 10th of 1997 of felony larceny in File Number 97 CRS 23344, date of offense being on 5/26, 1997. The second offense being convicted on November 26th of 2004, a felony flee to elude arrest in File Number 4 CRS 57653. Date of . . . conviction would have been on May 4th of 2005, date of offense on November 26th of '04.
> And, finally, in felony forgery of an instrument in 07 CR 56348, conviction date of that of December 21st of 2007, date of occurrence of that of October 21st of 2007.
>
> In 18 CRS 153, as to habitual felon, the defendant having committed that offense on January 10th of 2018. He did commit felony larceny on May 26th of 1997, was convicted of same on December 10th of 1997 in the Superior Court of Henderson County. That on the date of offense of 11/26/04, he did commit that felony flee to elude arrest in File Number 4 CRS 57653, being convicted of same on May 4th of 2005 in the Superior Court of Henderson County. And that on October 21st of 2007, as to felony forgery of an instrument, in 07 CR 56348, being convicted of same on December 21st of 2007, in the District Court of Henderson County.

Finally, in 18 CRS 156 as to habitual felon, the defendant did commit this offense on January 10th of 2018, in that he did commit the crime of felony larceny on May 26, 1997, in File Number 97 CRS 23344, being convicted of the same on December 10th of 1997, in the Superior Court of Henderson County. That on November 26, 2004, he did commit the crime of felony flee to elude arrest in File Number 04 CRS 57653, being convicted of same on May 4th of 2005 in the Superior Court of Henderson County. And that on August 18th of 2013, did commit the offense of felony larceny of a motor vehicle in 13 CR 59399, being convicted of same on November 13, 2013, in the District Court of Buncombe County.

Based on the record and factual presentation, the trial court found that there was a factual basis for defendant's guilty plea. The trial court asked defendant if there was anything he would like to say about the factual basis; defendant responded, "No, sir. That covers it." The trial court sentenced defendant to an active sentence of 117 to 153 months imprisonment.

Defendant filed a written notice of appeal *pro se* on 31 January 2024. Defendant additionally filed a petition for writ of certiorari on 23 September 2024.

## II.    Discussion

Defendant contends the trial court erred in accepting his guilty plea where the State "merely read the indictments" as its presentation of the factual basis. We first address defendant's petition for writ of certiorari.

### A.    Petition for Writ of Certiorari

A criminal defendant's notice of appeal must comply with Rule 4 for this Court

to have jurisdiction over a defendant's appeal. *State v. Hughes,* 210 N.C. App. 482, 484 (2011). When considering a defective notice of appeal,

> The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.

N.C.R. App. P. 21(a)(1).

"The Court of Appeals has jurisdiction . . . to issue the prerogative writs, including . . . certiorari, . . . in aid of its own jurisdiction[.]" N.C.G.S. § 7A-32(c) (2024). "This statute empowers the Court of Appeals to review trial court rulings on motions for appropriate relief by writ of certiorari unless some other statute restricts the jurisdiction that subsection 7A–32(c) grants." *State v. Thomsen*, 369 N.C. 22, 25 (2016) (citing *State v. Stubbs*, 368 N.C. 40, 42–43 (2015)). "The practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law." N.C.G.S. § 7A-32(c).

Certiorari is a discretionary writ which may "be issued only for good or sufficient cause shown," and must "show merit or that [petitioner] has reasonable grounds for asking that the case be brought up and reviewed on appeal." *In re Snelgrove*, 208 N.C. 670, 671–72 (1935) (citation omitted). Additionally, a writ of

certiorari "should issue only if there are 'extraordinary circumstances' to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572 (2023) (quoting *Moore v. Moody*, 304 N.C. 719, 720 (1982)). "There is no fixed list of 'extraordinary circumstances' that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or 'wide-reaching issues of justice and liberty at stake.'" *Id.* at 573 (citation omitted).

Although our Courts have not specifically defined what is required to show extraordinary circumstances, substantial harm may be shown where "the fundamental rights of a [party] are at stake" in the balance of the appeal. *See In re S.D.H.*, 908 S.E.2d 868, 875 (N.C. Ct. App. 2024) ("Further, the gravity of such error, where the fundamental rights of a parent are at stake, could result in substantial harm to both Respondent-Father and the Juveniles."). An assessment of judicial economy and efficient use of judicial resources may include considering "the need for the trial court to have to consider a subsequent motion for appropriate relief or ineffective assistance of counsel." *See State v. Ore*, 283 N.C. App. 524, 535 (Dillon, J., concurring), *vacated in part*, 383 N.C. 676, 678 (2022) ("The concurring opinions in the Court of Appeals [regarding certiorari] . . . accurately reflect the law.").[3]  Wide-

---

[3] Judge Dillon further noted that "it is not uncommon for our Court to issue a writ in order to review a defendant's appeal where there is a jurisdictional defect in his or her notice of appeal, where the State has not been prejudiced by the defect, *even where said defendant's appeal has little, if any merit*." 283 N.C. App. at 535 (Dillon, J., concurring) (emphasis in original).

reaching issues of justice and liberty at stake may include allegations of "serious misconduct and abuse of power by the government in violation of both the U.S. Constitution and our State's common law." *Doe v. City of Charlotte*, 273 N.C. App. 10, 23 (2020); *see also State v. Hamrick*, 110 N.C. App. 60, 63 (1993) ("Nonetheless, because of the important issues raised by this appeal, we allow defendant's petition for writ of certiorari[.]").

"A writ of certiorari is not intended as a substitute for a notice of appeal because such a practice would render meaningless the rules governing the time and manner of noticing appeals." *State v. Ricks*, 378 N.C. 737, 741 (2021) (cleaned up). "Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court[,]" and such decision is reviewed solely for abuse of discretion. *Cryan*, 384 N.C. at 573 (citing *Ricks*, 378 N.C. at 740).

In *State v. Killette*, this Court determined the defendant's petition showed "no basis to grant his requested discretionary writ[,]" where the defendant filed a pro se handwritten notice of appeal which failed to identify this Court or properly notice the State. 268 N.C. App. 254, 258 (2019) ("The fact this Court possesses the jurisdictional power to allow in our discretion, does not compel us to do so under Defendant's burden to show prejudicial reversible error and the clearly unmeritorious facts before us."), *vacated and remanded*, 381 N.C. 686. The Supreme Court overruled *Killette* and several other Court of Appeals decisions which held or implied that this Court lacked jurisdiction or authority to issue a writ of certiorari or which suggested "that Rule 21

limited its jurisdiction or authority to do so."[4]  *State v. Killette*, 381 N.C. 686, 691 (2022).   The Supreme Court emphasized that the Court of Appeals erred in "concluding it is procedurally barred from exercising its jurisdiction" and by setting "its own limitations on its jurisdiction to issue writs of certiorari."  *Id.* at 690 (quoting *State v. Ledbetter*, 371 N.C. 192, 196 (2018)).

We further note that this Court has permitted review of appeals where it could be "fairly inferred that Defendant intended to appeal to this Court" and where the State has not been misled by this deficiency.  *See State v. Rankin*, 257 N.C. App. 354, 356 (holding that "failure to designate this Court in her notice of appeal does not warrant dismissal" and denying petition for writ of certiorari as moot), *writ allowed*, 370 N.C. 570 (2018), and *aff'd*, 371 N.C. 885 (2018).  Similarly, this Court has granted petitions for writ of certiorari where petitioners demonstrated good faith efforts in making a timely appeal and because the appeal had merit.  *State v. Myrick*, 277 N.C. App. 112, 114 (2021).

Defendant dated his written notice of appeal 31 January 2024 and filed on 8 February 2024, which was timely.  The notice contained file numbers "23 CRS 41-44," and stated that defendant was appealing "Judgment entered against the

---

[4] The Supreme Court agreed with the State's brief, which acknowledged the Supreme Court had "made clear in *Stubbs, Thomsen*, and *Ledbetter* that the Court of Appeals 'maintains broad jurisdiction to issue writs of certiorari unless a more specific statute revokes or limits that jurisdiction' and that 'Rule 21 does not prevent the Court of Appeals from issuing writs of certiorari or have any bearing upon the decision as to whether a writ of certiorari should be issued.' "

defendant in Superior Court finding the defendant guilty of Common Law Robbery etc. and Sentencing under habitual felon statute on 1-30-24." The record includes a letter directing the Clerk of Superior Court to "transmit [the notice of appeal] to [the] Court of Appeals[,]" however there is no indication that notice was served upon the State.

Defendant's notice of appeal does not include all of the file numbers from his underlying cases, does not state the court to which the appeal was being taken, and does not appear to have been served on the State. However, the pro se written notice of appeal was timely filed, listed some of the file numbers including the lead charge of common law robbery, and the supplemental cover letter did direct the Clerk to transmit the notice to this Court. It does not appear that the State has suffered any prejudice by not being served with the original written notice of appeal.

Defendant's petition for writ of certiorari alleges the prosecutor misspoke several times during the factual basis with differences from the indictments, which is a sufficient showing of meritorious issue for review on appeal. Furthermore, in the interest of judicial economy, considering and resolving the issues presented in this case eliminates the potential need for the trial court to consider any subsequent motions or further proceedings in this matter. Although defendant's notice of appeal does not comply with Rule 4, defendant demonstrated a good faith effort to appeal his case to this Court, and we exercise our discretion under Rule 21 to address the merits of defendant's appeal.

The dissent characterizes this discretionary decision as following a per se rule to issue writ where a criminal defendant fails to properly notice an appeal despite making a good faith effort to do so. "Our Court does not always allow such writs, especially where the issues raised have little merit. But we might choose to do so" in appropriate circumstances, including in the interest of judicial economy. *Ore*, 283 N.C. App. at 535 (Dillon, J., concurring).

> Our Supreme Court in *Stubbs* recognized that our Court has been granted the authority by our General Assembly to issue a writ of certiorari to review an order in a situation where our General Assembly provided the party no *right* to appeal. Just like in *Stubbs*, the fact that the General Assembly has expressly stated that the defendant here has *no right* to appeal does not strip *our Court* of our authority to issue a writ of certiorari, which was granted to us by the General Assembly.

*Id.* at 536 (Dillon, J., concurring) (cleaned up).

The dissent relies on *Cryan*, which directs that "a writ of certiorari should issue only if the petitioner can show merit or that error was probably committed below." *Cryan*, 384 N.C. at 572. However, *Cryan* also reaffirms that the decision to issue writ "rests in the sound discretion of the presiding court[,]" and notably affirmed this Court's decision to issue writ of certiorari in that matter. *Id.* at 573. Furthermore, our Supreme Court affirmed this Court's "authority to review [the] issue by certiorari," in *State v. Ore* in accordance with the concurring opinions. *State v. Ore*, 383 N.C. 676 (2022); *see also Killette*, 381 N.C. at 690 ("the Court of Appeals possessed jurisdiction and authority to exercise its discretion in reviewing and deciding to allow

- 10 -

or deny defendant's petition."). We do not establish a per se rule that any good faith effort may be rewarded by issuance of writ following a defective appeal; we simply exercise our discretion to address the merits of this case.

## B.     Factual Basis

Defendant contends there was an insufficient factual basis for the trial court to accept his guilty plea, arguing the prosecutor's recitation only consisted of him reading allegations from the indictments, with incomplete or incorrect recitations on four of the charges. We disagree.

"Because a guilty plea waives certain fundamental constitutional rights such as the right to a trial by jury, our legislature has enacted laws to ensure guilty pleas are informed and voluntary." *State v. Agnew*, 361 N.C. 333, 335 (2007).

> The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:
>
> (1) A statement of the facts by the prosecutor.
> (2) A written statement of the defendant.
> (3) An examination of the presentence report.
> (4) Sworn testimony, which may include reliable hearsay.
> (5) A statement of facts by the defense counsel.

N.C.G.S. § 15A-1022(c) (2024).

The trial court "may consider any information properly brought [its] attention[,] [but] such information must appear in the record, so that an appellate court can determine whether the plea has been properly accepted." *Agnew*, 361 N.C.

at 336, (citations and interior quotations omitted). Further, in enumerating these five sources, the statute "contemplate[s] that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty." *Id.* (citing *State v. Sinclair*, 301 N.C. 193, 199 (1980)). Additionally, this Court has held that indictments providing significant factual details beyond the charge alleged contained enough information for an independent judicial determination of defendant's guilt. *State v. Crawford*, 278 N.C. App. 104, 118 (2021).

In *Agnew*, there was an insufficient factual basis to accept a defendant's guilty plea when "the trial court had before it the indictment, defendant's Transcript of Plea, and defense counsel's oral stipulation that a factual basis existed." 361 N.C. at 336. "[T]he indictment simply stated the charge and did not provide any further factual description of defendant's particular alleged conduct." *Id.* Thus, the trial court had insufficient information to make "an independent judicial determination of defendant's actual guilt[.]" *Id.* In *Crawford*, however, the indictment provided a "factual description of defendant's particular alleged conduct[,]" including the year, make, and model of a stolen vehicle and the names of the rightful owners. *Crawford*, 278 N.C. App. at 118.

In this case, for defendant's non-habitual felon charges, including financial card theft and larceny of a motor vehicle, the prosecutor recited specific information, such as a description of the item that was stolen, the name of the rightful owner, the dates that defendant committed the offenses, and addresses of buildings broken into.

Although much of the prosecutor's recitations were taken from the indictments, the factual details go beyond the charge alleged and were sufficient to show independent of the plea that defendant was guilty.

Defendant asserts the trial court erred in accepting recitations that were incomplete or incorrect, specifically as to 21 CRS 347, 18 CRS 159, 18 CRS 153, and 18 CRS 156.[5] Although it appears the prosecutor made several minor misstatements, we decline to find the trial court erred because all of the necessary information for the factual bases was presented at some point during the recitations.

In the factual basis for 21 CRS 347, the prosecutor did not state the counties of conviction for two of the three underlying offenses. However, the prosecutor had already recited the counties of conviction for those underlying offenses in the factual basis for 23 CRS 41. Similarly, in 18 CRS 159, the prosecutor failed to specify the courts of conviction for the underlying offenses; however, those were the same underlying offenses as in 18 CRS 153 and 18 CRS 156, and the prosecutor recited the courts of conviction for each offense during the factual basis for 18 CRS 153. In 18 CRS 153, although the prosecutor did not recite a file number for the first felony in the habitual felon indictment, the prosecutor had already stated the file number for that offense in previous factual bases. And finally regarding 18 CRS 156, although the prosecutor misstated that felony forgery was the underlying offense and not

---

[5] We address the recitations in the order they were presented to the trial court.

felony larceny of a motor vehicle, the trial court had heard the correct statement of the underlying felony in the immediately preceding recitation for 18 CRS 153. Accordingly, the trial court had enough information to determine there was a sufficient factual basis to support the charges.

Although several of the prosecutor's statements included minor inaccuracies or omissions, the trial court was presented with all of the necessary information throughout the factual presentations, several of which related to each other as underlying offenses. The factual basis was sufficient for the trial court to make an independent judicial determination of defendant's guilt. Furthermore, defendant has not shown that he was prejudiced by the prosecutor's misstatements and omissions, and offered no facts to show that he would have pled otherwise.

## III. Conclusion

For the foregoing reasons, we affirm the trial court's judgment.

AFFIRMED.

Judge STROUD concurs.

Judge FREEMAN concurs in part and dissents in part by separate opinion.

FREEMAN, Judge, concurring in part and dissenting in part.

I concur with the majority's reasoning and conclusion as to the merits of the case. However, the majority correctly notes that because defendant failed to properly notice his appeal, this Court may only obtain jurisdiction over defendant's purported appeal by issuing a writ of certiorari. A writ of certiorari "is not intended as a substitute for a notice of appeal," *State v. Ricks*, 378 N.C. 737, 741 (2021) and "should issue *only* if the petitioner can show merit . . . [and] extraordinary circumstances to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572–73 (2023) (cleaned up). As defendant's petition fails to show extraordinary circumstances justifying issuance of the writ, I would deny defendant's petition and dismiss this appeal. Because I would not reach the merits of this case, I respectfully dissent from the majority's decision to grant defendant's petition for writ of certiorari.

Our Supreme Court recently stated:

> The procedure governing writs of certiorari is found in Rule 21 of the Rules of Appellate Procedure. But Rule 21 does not prevent the court of appeals from issuing writs or have any bearing upon the decision as to whether a writ of certiorari should be issued. Instead, the decision to issue a writ is governed solely by statute any by common law.

*Cryan*, 384 N.C. at 572 (cleaned up).

Our General Assembly has provided that this Court may issue the writ of certiorari subject to "statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of common law." N.C.G.S. § 7A-32(c)

(2023).  Though we may exercise our discretion in granting the writ of certiorari, it is "to be issued only for good or sufficient cause shown, and it is not one to which the moving party is entitled to as a matter of right." *Womble v. Moncure Mill & Gin Co.*, 194 N.C. 577, 579 (1927).  "A writ of certiorari is not intended as a substitute for a notice of appeal because such a practice would render meaningless the rules governing the time and manner of noticing appeals." *Ricks*, 378 N.C. at 741 (citations omitted).

Thus, to determine whether this Court should issue the writ of certiorari, we must apply the following two-factor test:

> First, a writ of certiorari should issue *only* if the petitioner can show merit or that error was probably committed below.  This step weighs the likelihood that there was some error of law in the case.
>
> Second, a writ of certiorari should issue *only* if there are extraordinary circumstances to justify it.  We require extraordinary circumstances because a writ of certiorari is not intended as a substitute for notice of appeal.  If court issued writs of certiorari solely on the showing of some error below, it would render meaningless the rules governing the time and manner of noticing appeals.
>
> There is no fixed list of extraordinary circumstances that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or wide-reaching issues of justice and liberty at stake.

*Cryan*, 384 N.C. at 572–73 (cleaned up) (emphasis added).

2

*FREEMAN, J., concurring in part and dissenting in part*

Here, defendant's petition for writ of certiorari fails to identify any extraordinary circumstances justifying issuance of the writ. Though I commend the majority for addressing whether defendant's petition shows merit, the majority nevertheless appears to fall back on a per se rule that the writ shall issue where a criminal defendant fails to properly notice an appeal despite his or her "good faith effort to appeal." Although I understand the temptation of this sympathetic approach, a "writ of certiorari is not intended as a substitute for a notice of appeal," *Ricks*, 378 N.C. at 741, nor is it a writ "to which the moving party is entitled to as a matter of right," *Womble*, 194 N.C. at 579. Neither our preferences nor our outdated caselaw trump current Supreme Court precedent. I therefore respectfully dissent from the majority's decision to reach the merits of defendant's asserted appeal.